UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN GOLDSTEIN individually and on behalf of CONGREGATION BNEI MATISYAHU, and MEIR ORNSTEIN,

        *Plaintiffs*,

        -against-

KATHY HOCHUL, in her official capacity as Governor of the State of New York;
LETITIA JAMES, in her official capacity as Attorney General of the State of New York;
KEECHANT SEWELL, in her official capacity as Commissioner of the New York City Police Department; LOUIS FALCO, III, in his official capacity as Rockland County Sheriff;
ERIC GONZALEZ, in his official capacity as the District Attorney of Kings County; and
THOMAS WALSH, II, in his official capacity as the District Attorney of Rockland County,

        *Defendants*.
------------------------------------------------------------X

[PROPOSED] ORDER TO SHOW CAUSE

Index No.: 22-CV-8300

Hon. _____, United States District Judge

**THIS MATTER** coming upon the Court upon the Motion of Plaintiff for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") and Order to Show Cause why a TRO and PI should not issue;

**THE COURT** having considered Plaintiffs' Complaint, the Declaration of Ameer Benno dated September 28, 2022 and all exhibits annexed

1

thereto, Plaintiffs' Memorandum of Law, Plaintiffs' Counsel's Rule 65 Certification, and all other proceedings and filings heretofore had herein

**THE COURT NOTING** that on June 23, 2022, the United States Supreme Court issued its decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In that decision, the Supreme Court held that New York Penal Law § 400.00(2)(f), which conditioned the issuance of an unrestricted license to carry a handgun in public on the existence of "proper cause," violated the Second and Fourteenth Amendments by impermissibly granting a licensing official the discretion to deny a license to law-abiding, responsible New York State citizen based on a perceived lack of a special need for self-protection distinguishable from that of the general community;

**THE COURT NOTING** that in response to the *Bruen* decision, the Governor of New York, Kathy Hochul, called a special session of the state legislature in order to enact a new statutory scheme to take the place of the regimen that *Bruen* struck down;

**THE COURT NOTING** that on July 1, 2022 New York State enacted the Concealed Carry Improvement Act ("CCIA"). This statewide law replaced the "proper cause" standard with, among other things, an expansive list of "sensitive locations" where carrying and possessing

2

firearms, which are defined to include "any pistol or revolver," is prohibited. *See* Penal Law § 265.00(3). The list of "sensitive locations" includes "any place of worship or religious observation." *See* Penal Law § 265.01-e(2)(c);

**THE COURT NOTING** that Plaintiffs allege that Penal Law § 265.01-e(2)(c), both on its face and as applied to them, violates their right to free exercise of religion under the First Amendment of the U.S. Constitution, is unconstitutionally overbroad under the First Amendment to the U.S. Constitution, violates the right to self-defense under the Second Amendment of the U.S. Constitution, is unconstitutionally vague under the Fourteenth Amendment of the U.S. Constitution and violates the plaintiffs' right to equal protection under the Fourteenth Amendment. Plaintiffs also allege that Penal Law § 265.01-e(2)(c) violates analogous provisions of the New York State Constitution;

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminarily and permanently enjoined from enforcing Penal Law § 265.01-e(2)(c);

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief immediately since Plaintiffs are being subject to irreparable injury by

this unconstitutional statute, and since there is a realistic danger that the aforesaid statute will significantly compromise recognized federal and state constitutional protections of parties not before the Court;

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why this Court should employ an expedited procedure under Local Rule 6.1(d) given the immediacy of Plaintiffs' application:

**IT IS HEREBY ORDERED THAT:**

Defendants **SHOW CAUSE** before a motion term of this Court at Room _____, United States Courthouse, 40 Foley Square, in the City, County and State of New York on _____ at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants during the pendency of this action from enforcing Penal Law 265.01-e(2)(c), which designates all "place[s] of worship or religious observation" as "sensitive location[s]" in which possession of a firearm is prohibited and punishable as a felony.

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary

injunction, pursuant to Fed. R. Civ. P. 65, Defendants are temporarily restrained and enjoined from enforcing Penal Law § 265.01-e(2)(c), which designates all "place[s] of worship or religious observation" as "sensitive locations" in which possession of a firearm is prohibited and punishable as a felony; and it is further

**ORDERED** that service by CM/ECF and email of a copy of this order and annexed Declaration with Exhibits, Memorandum of Law and Rule 65 Certification upon Defendants or their counsel on or before _____ o'clock in the _____noon on _____ \_\_\_\_\_, _____ shall be deemed good and sufficient service thereof.

DATED:   New York, New York

ISSUED:   _____

_____
Hon.
United States District Judge