UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

STEVEN GOLDSTEIN individually and on behalf of CONGREGATION BNEI MATISYAHU, and MEIR ORNSTEIN,

                  *Plaintiffs*,

    vs.

KATHY HOCHUL, in her official capacity as Governor of the State of New York; LETITIA JAMES, in her official capacity as Attorney General of the State of New York; KEECHANT SEWELL, in her official capacity as Commissioner of the New York City Police Department; LOUIS FALCO, III, in his official capacity as Rockland County Sheriff; ERIC GONZALEZ, in his official capacity as the District Attorney of Kings County; and THOMAS WALSH, II, in his official capacity as the District Attorney of Rockland County,

                  *Defendants*.

------------------------------------------------------------------------X

**CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**Index No**: 22-CV-8300

    AMEER BENNO, declares under penalty of perjury that the following is true and correct:

    1.    I am an attorney with Benno & Associates P.C., and am co-counsel, along with attorney Cory H. Morris, Esq., for plaintiffs herein.

    2.    I submit this certification pursuant to Fed. R. Civ. P. 65(b) in support of plaintiffs' ex parte application for a temporary restraining order and preliminary injunction.

<b><u>Reasons Why Notice Should Not Be Required</u></b>

    3.    Plaintiffs Steven Goldstein, individually and on behalf of Congregation Bnei Matisyahu, and Meir Ornstein are individuals of the Jewish faith who hold active government-issued licenses to possess and/or carry handguns.

    4.    In *District of Columbia v. Heller*, 554 U.S. 570, 626 n.26 (2008), the Supreme Court recognized that the Second and Fourteenth Amendments to the United States Constitution protect an individual right to keep and bear arms for self-defense. The *Heller* Court stated that

its opinion "should not be taken to cast doubt on longstanding ... laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." *Id*. at 626.

5. On June 23, 2022, the United States Supreme Court issued its decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In that decision, the Supreme Court held that New York Penal Law § 400.00(2)(f), which conditioned the issuance of an unrestricted license to carry a handgun in public on a showing of "proper cause," violated the Second and Fourteenth Amendment by impermissibly granting a licensing official the discretion to deny a license to law-abiding, responsible New York State citizen based on a perceived lack of a special need for self-protection distinguishable from that of the general community.

6. The *Bruen* Court explicitly rejected New York's formulation that "sensitive places" where the government may lawfully disarm law-abiding citizens include "all places where people typically congregate and where law-enforcement and other public-safety professionals are presumptively available." *Bruen*, 142 S. Ct. at 2133-34. The Supreme Court declared that "expanding the category of 'sensitive places' ... to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly" and "eviscerate[s] the general right to publicly carry arms for self-defense." *Id*. at 2134.

7. In response to the *Bruen* decision, the Governor of New York, Kathy Hochul, called a special session of the state legislature in order to enact a new statutory scheme to take the place of the regimen that *Bruen* struck down. New York State passed the Concealed Carry Improvement Act ("CCIA") on July 1, 2022. It was rushed through the legislative process and voted on without comment or debate.

8. The CCIA imposes multiple new and blatantly unconstitutional impediments to New Yorkers in their attempt to exercise their constitutional right to armed self-defense outside

the home.  One of these impediments was that the CCIA replaced the "proper cause" standard with, among other things, an expansive list of "sensitive locations" where carrying and possessing firearms, which are defined to include "any pistol or revolver," is prohibited.  *See* Penal Law § 265.00(3).

9. With very limited exceptions, those who possess firearms in any "sensitive location" are subject to criminal arrest and prosecution.

10. The list of "sensitive locations" includes "any place of worship or religious observation." *See* Penal Law § 265.01-e(2)(c).

11. For the reasons set forth in plaintiffs' verified complaint, declarations and the accompanying memorandum of law, the statute criminalizing possession of a firearm in "any place of worship or religious observation" violates plaintiffs' fundamental rights under the First, Second and Fourteenth Amendments to the U.S. Constitution as well as plaintiffs' corresponding rights under the New York State Constitution.

12. The harms to plaintiffs under this statute are real, immediate and ongoing.  If the statute is not enjoined, plaintiffs will continue to suffer constitutional deprivations and may well suffer physical injury.  Thus, plaintiffs are suffering irreparable harm each day this statute remains in place and enforceable.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (the deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm").

13. The allegations set forth in the Verified Complaint, which is annexed as Exhibit 1 to the accompanying Declaration of Ameer Benno dated September 28, 2022, clearly demonstrates that immediate and irreparable injury, loss and damage will result to plaintiffs if this application is not granted.

14. Moreover, as fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, an ex parte temporary restraining order is appropriate here because of the imminent harm that plaintiffs face due to this overtly unlawful and unconstitutional New York State statute.

### Efforts To Provide Notice

15. On September 29, 2022, I notified defendants Hochul, James, Sewell, Falco, Gonzalez and Walsh by email and/or facsimile of plaintiffs' application for emergency relief. Each defendant was provided a copy of the following: (1) Plaintiffs' Proposed Order to Show Cause; (2) this Certification; (3) the Declaration of Ameer Benno dated September 28, 2022 with exhibits annexed thereto; and (4) Plaintiffs' Memorandum of Law.

16. **Defendants Hochul and James**: An email was sent to Assistant Attorney General James Thompson and Assistant Attorney General Michael McCartin, the attorneys who are representing the State of New York in *Antonyuk v. Bruen*, 22-CV-734 (GTS) (CFH) – an action pending in the Northern District of New York that is challenging multiple aspects of the Concealed Carry Improvement Act, including Penal Law § 265.01-e. Mr. Thompson's email address is listed on the docket of that case as james.thompson@ag.ny.gov and Mr. McCartin's email address is listed on the docket of that case as michael.mccartin@ag.ny.gov.

17. **Defendant Sewell**: Defendant Sewell was notified by email sent to Patricia Miller, the head of Special Federal Litigation at the New York City Law Department. Ms. Miller's email address is pmiller@law.nyc.gov. Defendant Sewell was also notified about this application via email to serviceECF@law.nyc.gov and to migoldbe@law.nyc.gov.

18. **Defendant Falco**: I notified defendant Falco by facsimile transmission to (845) 638-5460 – the fax number provided to me by the Rockland County Sheriff's Office for this

4

purpose. Additionally, defendant Falco was notified by email to RCSheriff@co.rockland.ny.us and Falco@rcpin.net.

19. **Defendant Gonzalez**: I notified defendant Gonzalez by email to the following email addresses: gonzaleze@brooklynda.org; forbesg@BrooklynDA.org; info@EricGonzalez.com; and PressOffice@brooklynda.org.

20. **Defendant Walsh**: I notified defendant Walsh by email to info@rocklandcountyda.com and walshforrocklandda@gmail.com and by facsimile to (845) 638-5298.

21. A copy of my signature, sent electronically or by facsimile transmission, may be treated as the original for the purpose of serving and filing this certification, and the original will be provided if required.


Dated: New York, New York
       September 29, 2022

BENNO & ASSOCIATES P.C.

Ameer Benno, Esq.
BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300
abenno@BennoLaw.com

Cory H. Morris, Esq.
THE LAW OFFICES OF CORY H. MORRIS
135 Pinelawn Road
Suite 250s
Melville, NY 11747
Tel.: (631) 450-2515
coryhmorris@gmail.com