UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :

STEVEN GOLDSTEIN individually and on   :
behalf of CONGREGATION BNEI                :
MATISYAHU, and MEIR ORNSTEIN,     :
                                                         :          22-CV-8300 (VSB)
                                Plaintiffs,   :
                                                           :               **ORDER**

                     -against-                 :

KATHY HOCHUL, in her official capacity as :
Governor of the State of New York; LETITIA :
JAMES, in her official capacity as Attorney   :
General of the State of New York;              :
KEECHANT SEWELL, in her official        :
capacity as Commissioner of the New York  :
City Police Department; LOUIS FALCO, III, :
in his official capacity as Rockland County   :
Sheriff; ERIC GONZALEZ, in his official    :
capacity as the District Attorney of Kings    :
County; and THOMAS WALSH, II, in his    :
official capacity as the District Attorney of  :
Rockland County.                                 :
                                                         :
                                  Defendants.   :
                                                         :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs filed this action by filing a Verified Complaint on September 29, 2022. (Doc. 1.) On that same day, Plaintiffs Steven Goldstein individually and on behalf of congregation Bnei Matisyahu, and Meir Ornstein filed a proposed order to show cause requesting, among other things, a temporary restraining order ("TRO") enjoining Defendants Governor Kathy Hochul, Attorney General Letitia James, Commissioner Keechant Sewell, Sheriff Louis Falco, III, District Attorney Eric Gonzalez, and District Attorney Thomas Walsh, II from enforcing Penal Law § 265.01-e(2)(c). (Doc. 4.) Because Plaintiffs fail to show immediate and irreparable

injury sufficient to satisfy the stringent requirements for a temporary restraining order, Plaintiffs' motion for a temporary restraining order is DENIED.

I.  DISCUSSION

"Ex parte relief . . . by way of a temporary restraining order is an emergency procedure." *Dama S.P.A. v. Does*, No. 15-CV-4528 (VM), 2015 WL 10846737, at *1 (S.D.N.Y. June 15, 2015). The purpose of TROs is limited to preserving the status quo and preventing irreparable harm "just so long as is necessary to hold a hearing, and no longer", such that the court will be able to provide effective final relief. *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979). Courts have characterized ex parte TROs as appropriate only where "irreparable injury will be caused absent prompt judicial intervention in circumstances where the adversary cannot be contacted, or where advance contact with the adversary would itself be likely to trigger irreparable injury." *Lim Tung v. Consol. Edison of New York*, No. 19CV5444RRMSJB, 2019 WL 4805080, at *3 (E.D.N.Y. Oct. 1, 2019), *see also Little Tor Auto Ctr. v. Exxon Co., USA*, 822 F. Supp. 141, 143 (S.D.N.Y. 1993) (citing examples including "discovery of contraband which may be destroyed as soon as notice is given").

In considering the appropriateness of a TRO, the Court must examine "whether the movants have demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order". *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367 (E.D.N.Y. 2020) (emphasis in original). "The court may issue a temporary restraining order . . . only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1); *see also Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962) ("The purpose of a

temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.").

Aside from the issue of immediacy, the standard for the issuance of TRO is the same as for a preliminary injunction.  *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction").  A party seeking a preliminary injunction must demonstrate:  "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."  *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002).  Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005).  The party seeking the injunction carries the burden of persuasion to demonstrate, "by a clear showing," that the necessary elements are satisfied.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).  Lastly, "the district court has wide discretion in determining whether to grant a preliminary injunction, and [the Second Circuit] reviews the district court's determination only for abuse of discretion."  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005).

II.     APPLICATION

In the instant case, Plaintiffs seeks a TRO enjoining Defendants from "enforcing Penal Law § 265.01-e(2)(c)".  (Doc. 4 at 3.)  Plaintiffs failed to plead irreparable harm sufficient to meet the stringent standard set out in Fed. R. Civ. P. 65.  Plaintiffs have failed to demonstrate

that the enforcement of Penal Law § 265.01-e(2)(c) will lead to a threat of irreparable harm that will occur immediately but-for this Court issuing a TRO. *See Omnistone Corp.* 485 F. Supp 3d at 367. The "irreparable harm" described by counsel includes Plaintiffs being deterred from attending services and engaging in religious observance outside the synagogue, and having to limit their participation in religious activities at the synagogue because of their fear that, without armed protection, the synagogue will be the target of anti-Jewish attack. Without reaching the issue of whether this showing could support some form of preliminary injunctive relief, I find that the harm pled is too remote and speculative, and fails to reach the stringent standard of "immediate irreparable harm." *Id.*

      Further, § 265.01-e(2)(c) was signed into law on July 1, 2022, and came into effect on September 1, 2022. By the time the TRO was filed, Plaintiffs had been on notice for several months about the law, and the law had been in effect for a month. "While delay does not always undermine an alleged need for preliminary relief, months-long delays in seeking [injunctive relief] have repeatedly held by courts in the Second Circuit to undercut the sense of urgency." *Silent Gliss Inc. v. Silent Gliss Int'l Ltd.*, No. 22-CV-522(EK)(MMH), 2022 WL 1525484, at *8 (E.D.N.Y. May 13, 2022), *see also Hopkins Hawley LLC v. Cuomo,* No. 20-CV-10932 (PAC), 2021 WL 8200607, at *1 (S.D.N.Y. Jan. 8, 2021) (finding that a three-week delay between the announcement of a policy and Plaintiffs filing a TRO constituted "lack of immediacy".) Because temporary restraining orders are fundamentally an emergency relief mechanism, "delay in seeking the remedy suggests that the remedy is not really needed." *Minzer v. Keegan*, No. CV-97-4077 CPS, 1997 WL 34842191, at *6 (E.D.N.Y. Sept. 22, 1997). This lack of immediacy belies the notion that Plaintiffs' alleged harm is sufficiently "immediate" such that the extraordinary relief of a temporary restraining order is necessary or justified.

Lastly, Plaintiff has not justified why a TRO is the appropriate remedy in this situation. Plaintiffs have confused the requirements of the TRO pleading standard requiring "immediate and irreparable injury" to mean that simply alleging that an injury is "immediate and irreparable" is sufficient to meet this prong. It is not. An injury is only "immediate and irreparable" in the TRO context if the absence of immediate judicial intervention will cause irreparable injury that will make it difficult, if not impossible, for the court to provide effective final relief after hearing from both parties. For example, courts in this district have found that emergency TRO relief is appropriate in the context of discovery of contraband which may be destroyed as soon as notice is given, or if the adverse party has a history of destroying evidence once notified of a lawsuit. *See, Little Tor Auto Ctr.,* 822 F. Supp. at 143; *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979). Other examples where TROs might be appropriate are property disputes where one party is likely to move the property outside of the state or country, or transfer it to a third-party, making judicial ability to provide relief difficult, if not impossible. Here, Plaintiffs do not seek to "preserve an existing situation *in statu quo*" by enjoining the order. Plaintiffs do not allege that but-for immediate judicial action, irreparable harm that would cause final resolution of the case and permanent relief to be difficult or impossible. If anything, instead of asking the Court for emergency relief to preserve the status quo, Plaintiffs seek Court action to alter the status quo and enjoin a law that has already been in effect for a month. For these reasons, Plaintiff has not sufficiently pled "immediate and irreparable injury" such that a TRO is necessary.

For these reasons, it is hereby:

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED without prejudice.

IT IS FURTHER ORDERED that the above named defendants show cause, at Room 518, United States Courthouse, 40 Foley Square, in the City, County and State of New York, on October 28, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining defendants during the pendency of this action from enforcing Penal Law 265.01-e(2)(c).

IT IS FURTHER ORDERED that to the extent that Defendants wish to file opposing papers, such papers be filed by October 14, 2022, and that Plaintiff's reply be filed by October 21, 2022.

SO ORDERED.

Dated: September 30, 2022
New York, New York

_____
Vernon S. Broderick
United States District Judge