UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
STEVEN GOLDSTEIN individually and on          :
behalf of CONGREGATION BNEI                   :
MATISYAHU, and MEIR ORNSTEIN,                 :
                                                        :                22-CV-8300 (VSB)
                                  Plaintiffs,     :
                                                        :                **ORDER**
                   -against-                      :
                                                        :
KATHY HOCHUL, in her official capacity as     :
Governor of the State of New York; LETITIA    :
JAMES, in her official capacity as Attorney    :
General of the State of New York;             :
KEECHANT SEWELL, in her official             :
capacity as Commissioner of the New York     :
City Police Department; LOUIS FALCO, III,     :
in his official capacity as Rockland County    :
Sheriff; ERIC GONZALEZ, in his official       :
capacity as the District Attorney of Kings     :
County; and THOMAS WALSH, II, in his         :
official capacity as the District Attorney of   :
Rockland County.                              :
                                                        :
                                  Defendants.   :
                                                        :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Everytown for Gun Safety moves for leave to file an amicus curiae brief in this case in

support of Defendants' response to the order to show cause and in opposition to Plaintiffs'

motion for a preliminary injunction.  Plaintiffs oppose this motion on the grounds of

untimeliness.  For the reasons stated below, this motion is GRANTED.

        On September 29, 2022, Plaintiffs filed this 42 U.S.C. § 1983 action, moving for a

temporary restraining order and preliminary injunction to enjoin Defendants from enforcing New

York Penal Law § 265.01-e(2)(c).  I denied Plaintiffs' Motion for Temporary Restraining Order

and Preliminary Injunction on October 3, 2022, and ordered the parties to show cause at a

hearing on October 28, 2022 as to why I should not issue an order pursuant to Rule 65 of the

Federal Rules of Civil Procedure enjoining Defendants from enforcing Penal Law § 265.01-

e(2)(c) during the pendency of this action.  (Doc. 21.)  I further ordered that Defendants file their

opposing papers by October 14, 2022, and Plaintiffs file their reply by October 21, 2022.  *Id.*


### Discussion

"There is no governing standard, rule or statute prescribing the procedure for

obtaining leave to file an amicus brief in the district court." *Onondaga Indian Nation v. State of

New York*, 1997 WL 369389, at *2 (S.D.N.Y. June 25, 1997) (internal quotation and alteration

omitted).  "What is clear, however, is that district courts have broad inherent authority to permit

or deny an appearance as amicus curiae in a case." *Id.* (internal quotation and alteration omitted).

Participation as an amicus curiae is appropriate when "the amicus has unique information or

perspective that can help the court beyond the help that the lawyers for the parties are able to

provide" *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2021 WL

4555352, at *5 (S.D.N.Y. Oct. 4, 2021.)  After reviewing the proposed brief, I find that it offers

helpful and unique analysis on relevant issues.  *Amici* has significant expertise on Second

Amendment cases and has prepared a thoughtful brief that addresses pertinent issues with

historical analysis alongside social science and public policy research that offers a unique

perspective to the Court.

I also find that the amicus brief was submitted in a timely manner.  Other courts in this

circuit have found that if the filing of an amicus curiae brief would cause a "prolonged delay in

the litigation", it should not be accepted. *Andersen v. Leavitt*, No. 03-CV-6115 DRHARL, 2007

WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007).  In *Anderson*, the Court found that the filing of an amicus brief three years after the commencement of a case after the Parties' had submitted cross-motions for summary judgment was not untimely and would not cause unnecessary delay because no judgment had been rendered on the motions.  Here, the amicus brief will be filed before any decisions are rendered, the filing of the amicus brief will not affect any deadlines or the Court's briefing schedule, and there will be no substantial delay in litigation caused.  Thus, the amicus brief is not untimely.

I take into consideration Petitioner's concern regarding the time they will have to respond to the amicus brief in their reply.  Unfortunately, a hectic briefing schedule is unavoidable given the nature of temporary restraining orders and preliminary injunctions as extraordinary emergency injunctive relief.  In light of Petitioner's concerns, I will adjourn the deadline for Petitioner to reply from October 21, 2014 to October 24, 2022.  October 24, 2022 is six days from October 18, 2022, the day the proposed amicus brief was filed. Given that Plaintiff originally had a week to respond to Defendants' opposition, six days is a fair amount of time to for Plaintiffs' to respond to Defendants' opposition and the amicus brief.

SO ORDERED.

Dated: October 19, 2022
        New York, New York

Vernon S. Broderick
United States District Judge