

November 4, 2022

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Goldstein, et al. v. Hochul, et al.,* 22-CV-8300 (VSB)

Your Honor:

I write to inform this Court of highly relevant developments, including the issuance of a preliminary injunction from the U.S. District Court for the Western District of New York and the issuance of a warning from the Federal Bureau of Investigation ("FBI") about credible threats of violence to Jewish houses of worship.

Plaintiffs commenced this action and moved for a TRO and a preliminary injunction at the end of September 2022 – five weeks ago. Since then, separate plaintiffs in the Western District of New York, in a case called *Hardaway v. Nigrelli*, 22-CV-771 (JLS), brought an identical challenge to the same statutory provision on October 13, 2022. The *Hardaway* plaintiffs moved for a TRO and preliminary injunction on October 15, 2022 – nearly two and a half weeks after our application for such relief was brought. The *Hardaway* Court granted the TRO – based solely upon the Second and Fourteenth Amendments – and set the preliminary injunction hearing for November 3, 2022, two weeks later. The hearing in *Hardaway* went forward as scheduled, and USDJ Sinatra issued his Decision and Order granting the preliminary injunction the same day. A copy of that decision is attached to this letter as Exhibit 1.

By contrast, this Court denied plaintiffs' application for a TRO and put off the preliminary injunction hearing for one month. As the date for the hearing approached, this Court told us that it would not allow any testimony to be taken at the hearing, and that the hearing, in essence, would be an oral argument. Despite this representation, and despite the one-month lead time, this Court issued a list of factual questions for plaintiffs to answer at approximately 9:30 p.m. the night before the hearing – just 12 hours before the hearing was scheduled to begin.

Notwithstanding that extremely compressed timetable, counsel spoke with plaintiffs and obtained their responses. Plaintiffs' counsel provided those responses to this Court at the hearing and also informed this Court that plaintiffs were available to testify by phone to answer any questions. This Court refused to take their testimony (Transcript of October 28, 2022 Hearing ("Hearing Transcript"), annexed hereto as Exhibit 2, at 20), and it similarly would not hear from an Orthodox rabbi who was brought to the court to respond to Your Honor's queries about Jewish religious observance (Hearing Transcript at 7, 13, 56-58).

At the conclusion of the hearing, plaintiffs' counsel renewed their application for a TRO, stressing the urgency of the situation and the ongoing constitutional harm to plaintiffs. This Court denied that application and instead directed plaintiffs to submit sworn written responses to

its questions. It also entertained the possibility of giving defendants a chance to submit a written response to them, thus further delaying the resolution of plaintiffs' application.

The absence of a decision in this matter means that plaintiffs can neither exercise their fundamental right to self-defense in "places of worship or religious observation" nor seek review and redress from the Second Circuit to allow them to do so. This has real-world consequences. Hours ago, the Federal Bureau of Investigation ("FBI") released a bulletin that it had received "credible information of a broad threat to synagogues" in New Jersey:



Plaintiff Ornstein's shul, Congregation Zemach David, is just 1.47 miles from the New Jersey border, as indicated in the map below, and whose neighboring community is still grieving the loss of life from the *last* deadly anti-Semitic attack:



Further, in response to the FBI bulletin, the Town of Ramapo Police Department – which covers Airmont, NY, where Congregation Zemach David is located – also released a warning:



Other Rockland County police departments, such as the Spring Valley Police Department, did the same:



3

The New York City Police Department, whose counsel stated at the hearing that it intends to continue to enforce the law that plaintiffs seek to enjoin irrespective of the *Hardaway* injunction (Hearing Transcript: 45), also issued a warning in response to the threat of anti-Jewish violence:



      While the FBI has asked that the threatened areas "take all security precautions" to protect their communities and facilities, and while the Ramapo Police Department has asked "that Houses of Worship increase their security posture," New York State's categorical prohibitions on firearm possession in places of worship or religious observation make doing so impossible.

      Shakespeare stated that "delays have dangerous ends." The longer this drags on, the more lives are being placed in grave jeopardy. The Western District understood this and acted expeditiously. We urge this Court to do the same.

Respectfully submitted,

Ameer Benno

Encls.

cc:     All counsel by ECF