UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                                             :

STEVEN GOLDSTEIN individually and on  :
behalf of CONGREGATION BNEI            :
MATISYAHU, and MEIR ORNSTEIN,    :
                                                                             :          22-CV-8300 (VSB)

                                          Plaintiffs,   :

                                                                             :          **OPINION & ORDER**

                   -against-              :

KATHY HOCHUL, in her official capacity as :
Governor of the State of New York; LETITIA :
JAMES, in her official capacity as Attorney  :
General of the State of New York; EDWARD :
CABAN, in his official capacity as            :
Commissioner of the New York City Police :
Department; LOUIS FALCO, III, in his     :
official capacity as Rockland County Sheriff; :
ERIC GONZALEZ, in his official capacity as :
the District Attorney of Kings County; and  :
THOMAS WALSH, II, in his official capacity :
as the District Attorney of Rockland County. :
                                        Defendants.  :
                                                                               :
                                                                               :
--------------------------------------------------------- X

Appearances:

Cory Morris
Law Offices of Cory H. Morris
Hauppauge, New York

Ameer N. Benno
Benno & Associates P.C.
New York, New York
*Counsel for Plaintiffs*

Matthew Lawrence Conrad
New York State Office of the Attorney General
New York, New York

Nicholas Robert Ciappetta

New York City Law Department
New York, New York

Thomas Edward Humbach
County of Rockland Department of Law
New York, New York

Patrick John Fischer
Office of the County Attorney
New City, New York
*Counsel for Defendants*

William James Taylor, Jr.
Everytown Law
New York, New York
*Counsel for Amicus, Everytown for Gun Safety*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs move for an "emergency motion for an injunction pending appeal in the Second Circuit" pursuant to Rule 62 of the Federal Rules of Civil Procedure. (Doc. 72.) Because I no longer have jurisdiction to grant the relief Plaintiffs request, the motion for an injunction pending appeal is DENIED.

I.   **Background**

Familiarity with all prior proceedings is assumed here.[1] In brief, Plaintiffs Meir Ornstein and Steven Goldstein individually and on behalf of Congregation Bnei Matisyahu initiated this action on September 29, 2022 by filing a verified complaint, seeking a temporary restraining order and preliminary injunction enjoining Defendants Governor Kathy Hochul, Attorney General Letitia James, Commissioner of the New York City Police Department Edward Caban[2],

---

[1] A more detailed recitation of the factual and procedural history of this case is contained in my June 28, 2023 Opinion & Order denying Plaintiffs' request for a preliminary injunction (the "June 28 Opinion & Order"). The defined and capitalized terms in this Opinion & Order shall have the same meaning as in my June 28 Opinion & Order.

[2] Commissioner Edward Caban was appointed as the Commissioner of the New York City Police Department on July 17, 2023, replacing Comissioner Sewell. As stated in my June 28 Opinion & Order, the successor to Comissioner Sewell is "automatically substituted as a party" pursuant to Rule 25(d). Fed. R. Civ. P. 25(d).

District Attorney of King's County Eric Gonzalez, Rockland County Sheriff Louis Falco, III, and District Attorney of Rockland County Thomas Walsh, II from enforcing New York Penal Law § 265.01-e(2)(c), a provision in the Concealed Carry Improvement Act. (Doc. 1.)

On October 3, 2022, I denied Plaintiffs' request for a temporary restraining order and directed the parties to appear for a show cause hearing on October 28, 2022. (Doc. 21.) On October 28, 2022, I held a show cause hearing and heard arguments from the parties regarding the appropriateness of a preliminary injunction against the enforcement of the Challenged Provision. On June 28, 2023, I denied Plaintiffs' request for a preliminary injunction. (Doc. 65.) On July 5, 2023, Plaintiffs filed a notice of interlocutory appeal to the Second Circuit from the June 28 Opinion & Order denying the motion for a preliminary injunction. (Doc. 66.)

On July 12, 2023, Plaintiffs filed a letter motion for an injunction pending appeal in the Second Circuit pursuant to Rule 62. (Doc. 67.). All parties indicate that they rely on previously submitted papers related to the requested preliminary injunction.

**II.    Discussion**

Plaintiffs move for an injunction pending appeal pursuant to Rule 62 of the Federal Rules of Civil Procedure. They do not specify under which subsection of Rule 62 they seek an injunction. However, it appears that the most applicable provision is subsection d which provides "[w]hile an appeal is pending from an interlocutory order . . . the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.* 459 U.S. 56, 58 (1982). In an appeal from an order granting or

3

denying a preliminary injunction, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989).

Rule 62(d) offers a narrow exception for district courts to alter an injunction that is the subject of a pending appeal. This exception "has been narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo pending an appeal where the consent of the court of appeals has not been obtained." *Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988); *see also Flatiron Health, Inc. v. Carson*, 602 F. Supp. 3d 482, 486 (S.D.N.Y. 2020) (finding that Rule 62(d) grants district courts the limited power to modify injunction orders only to preserve the status quo at the time of the appeal). "Maintaining the status quo means that a controversy will still exist once the appeal is heard, so any action on the district court's part which has the effect of divesting the court of appeals of its jurisdiction over the matter, by eliminating the controversy prior to the hearing of the appeal, is inappropriate." *Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 452050, at *3 (S.D.N.Y. Feb. 5, 2019).

Here, Plaintiffs seek an emergency injunction enjoining Defendants from enforcing the Challenged Provision of the CCIA pending appeal on the basis of arguments submitted in their briefing for a temporary restraining order and preliminary injunction. This is the precise controversy that is on appeal to the Second Circuit. The issue of whether Defendants should be enforcing the Challenged Provision of the CCIA is no longer before me; rather, the Second Circuit has jurisdiction to decide whether the preliminary injunction was properly denied. Plaintiffs have offered no arguments for why an injunction pending appeal would fall into the narrow exception of preserving the status quo pending appeal. Nor have they stated why their

4

application should not be considered a motion for reconsideration of my June 28 Opinion & Order.[3]

Even if I believed an injunction was proper, which I do not, I do not have the jurisdiction to enter an injunction enjoining the Defendants from enforcement of the CCIA at this time. As Plaintiffs' appeal to the Second Circuit of my June 28 Opinion & Order denying a preliminary injunction is pending, the injunction Plaintiffs seek would not preserve the status quo pending appeal, and granting the injunctive relief they previously sought would eliminate the controversy before the Circuit.

### III. Conclusion

For the reasons stated above, Plaintiffs' motion for an emergency injunction is DENIED.

SO ORDERED.

Dated: July 19, 2023
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge

---

[3] I note that if I were to consider Plaintiffs' current motion as one for reconsideration, I would deny it as untimely and, in any event, would find no reason to revisit my Opinion & Order.

5